UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HILARIO PALOMO ARROYO,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-7206-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Hilario Palomo Arroyo entered the United States in 2019 without permission or inspection. In July 2025, he was stopped while driving, taken into local custody for driving without a valid license, and released to the custody of ICE. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention without a bond hearing violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Procedural and Factual Background**

Petitioner entered the United States in 2019 without permission or inspection. ECF No. 1 at 6. On July 15, 2026, he was encountered during a traffic stop in Florida and taken into local custody for driving without a license. ECF No. 6-1 at 2-3. He was released to ICE custody that day. *Id.* Background checks by immigration authorities disclose no criminal history. *Id.* at 3.

Petitioner had no prior contacts with immigration authorities prior to that day. *Id.* ICE did not obtain an arrest warrant. ECF No. 1 at 6, 7.

ICE has detained petitioner since that time without a bond hearing. ECF No. 1 at 7.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his detention without a bond hearing violates the Due Process Clause.[1] ECF No. 1 at 6. The government does not state under what detention authority ICE took petitioner into custody on July 15, 2026. *See* ECF No. 6 at 1. However, the government concedes that petitioner should properly have been detained under 8 U.S.C. § 1226(a), citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), which the Court of Appeals decided on July 30, 2026, after ICE detained petitioner.

In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026). Petitioner states that ICE did not have an arrest warrant when they took him into custody. ECF No. 1 at 6. The government does not dispute that fact, *see*

[1] As I recommend that the court grant the petition on the due process claim in Count Three, I do not address petitioner's other claims. *See* ECF No. 1 at 8-11.

ECF No. 6, and provides no arrest warrant, which would have been required if petitioner had been properly detained under 8 U.S.C. § 1226(a). *See J.A.C.P. v. Wofford*, No. 1:25-cv-1354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).").

In July 2025, ICE issued guidance that immigrants who entered without inspection and were arrested in the interior of the United States be processed under 8 U.S.C. § 1225(b), not section 1226(a). *See Rodriguez Vazquez,* 183 F.4th at 1170. An ICE officer determined that petitioner entered without inspection, ECF No. 6-1 at 2, and issued a notice to appear alleging that petitioner had not been admitted to the United States, ECF No. 6-2 at 1. Given all of these facts, I find that ICE mandatorily detained petitioner in Florida in July 2026 under section 1225(b), not section 1226(a).

I make this determination against the background of having addressed hundreds of these cases in the last year and seeing the government adjust its arguments. Importantly, a *post hoc* argument that the correct statute should have been section 1226(a) all along cannot simply shift the original detention authority to the lawful statute at this point in time. *See Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026) (collecting cases rejecting *post hoc* rationalizations for immigration detention authority); *see also Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471, at *2-3 (E.D. Cal. Apr. 1, 2026) (discussing different procedures for § 1225 and § 1226 detentions); *Martinez-Aguiana v. Mullin*, No. 3:26-cv-0561-RFB-CSD, 2026 WL 2212521, at *2 (D. Nev. July 31, 2026) (noting concession by immigration authorities that they do not follow section 1226 procedures for noncitizens arrested in the interior of the United States under section 1225(b)).

The court's analysis hinges on the fact that the original detention authority was section 1225(b), because, as noted above, respondent concedes that the lawful statutory authority under *Rodriguez Vazquez* is 8 U.S.C. § 1226(a), *see* ECF No. 6 at 1, which would have provided him the right to a bond determination by ICE and a bond hearing in immigration court. *See Rodriguez Vazquez*, 183 F.4th at 1167.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful

executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Respondent's detention of petitioner under the wrong statutory authority cannot be remedied by a section 1226(a) bond hearing at this point. *See Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug. 25, 2026); *Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025). In *Feng v. Lyons*, the court held that a delay "in providing the statutorily mandated bond hearing violates [a petitioner's] due process rights" and found that the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right." No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citations omitted).

Here, petitioner was detained under section 1225(b), and the government only conceded on September 18, 2026, post-*Rodriguez Vazquez*, that his detention should have been under section 1226(a). This supports immediate release.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents be ordered to immediately release petitioner (A-Number: 225-561-620) from their custody on the same conditions as his prior release. Respondents shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 5, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE